UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. BARRETT,<br><br>        Petitioner,<br><br>   v.<br><br>B. M. TRATE,<br><br>        Respondent. | Case No.: 1:22-cv-01000-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on August 11, 2022, challenging his conviction and sentence. (Doc. 1.) For reasons that follow, the Court finds that Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e). Therefore, the Court will recommend the petition be SUMMARILY DISMISSED.

**BACKGROUND**

On December 14, 2011, Petitioner pled guilty in the United States District Court for the Southern District of Ohio to armed bank robbery and being a felon in possession of a firearm after

1

being convicted of three prior violent felonies. See Barrett v. United States, Case No. 2:11-cr-00173-ALM-EPD (D. Ohio) (ECF 76).[1]

On December 7, 2012, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Id. (ECF 96.) On January 14, 2014, the court dismissed the § 2255 motion. Id. (ECF 123.) Petitioner appealed, and the Sixth Circuit Court of Appeals denied the appeal on April 1, 2015. Id. (ECF 133.)

On September 4, 2015, Petitioner filed a second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Id. (ECF 136.) The § 2255 motion was transferred to the Sixth Circuit for authorization for filing a successive petition. Id. (ECF 137.) On August 24, 2016, the Sixth Circuit authorized the successive petition to consider whether, in light of Johnson v. United States, 135 S.Ct. 2551 (2015), Petitioner should not be subject to an enhanced sentence under § 924(e)(1) because his prior convictions no longer qualify as "violent felonies." Id. (ECF 153.) On April 25, 2017, the Ohio District Court denied the § 2255 motion. Id. (ECF 168.) Petitioner appealed, and the Sixth Circuit affirmed the denial on November 15, 2018. Id. (ECF 178.)

On June 26, 2019, Petitioner filed a third § 2255 motion. Id. (ECF 182.) The motion was transferred to the Sixth Circuit for authorization to file a successive motion. Id. (ECF 185.) On February 5, 2020, the Sixth Circuit denied the motion for authorization to file a successive petition. Id. (ECF 192.)

On September 23, 2019, Petitioner filed a motion to reduce his sentence pursuant to the First Step Act of 2018. Id. (ECF 187.) On December 13, 2019, the court denied his motion to reduce his sentence. Id. (ECF 191.)

On December 14, 2020, Petitioner filed a second motion to reduce his sentence pursuant to the First Step Act of 2018. Id. (ECF 199.) On February 16, 2021, the court denied the motion without prejudice. Id. (ECF 203.)

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

On July 13, 2021, Petitioner filed a fourth § 2255 motion. Id. (ECF 206.) The motion was transferred to the Sixth Circuit for authorization to file a successive motion. Id. (ECF 207.) On September 12, 2021, the Sixth Circuit declined to authorize a successive motion. Id. (ECF 209.)

On November 29, 2021, Petitioner filed a motion for compassionate release. Id. (ECF 210.) On July 26, 2022, the Ohio District Court granted the motion for compassionate release, ordered Petitioner's term of imprisonment reduced to time served, and ordered that he be released to commence his five-year period of supervised release. Id. (ECF 221.)

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192

(9th Cir. 2012); see 28 U.S.C. § 2255(e).  The Ninth Circuit has recognized that it is a very narrow exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003).  The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion.  Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim.  Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192.  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  If a petitioner fails to meet this burden, his § 2241 petition must be dismissed for lack of jurisdiction.  Ivy, 328 F.3d at 1060.

Here, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Southern District of Ohio, rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Ohio District Court, not a habeas petition pursuant to § 2241 in this Court.  Petitioner acknowledges this fact, but argues the remedy under § 2255 is inadequate and ineffective.  Petitioner's argument is unavailing, because he fails to demonstrate that he has never had an unobstructed procedural opportunity to present his claims.

A.  Unobstructed Procedural Opportunity

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred.  See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to

4

raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a change in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (second emphasis added) (citing Ivy, 328 F.3d at 1060).

In this case, Petitioner admits that he presented his claims in all appeals that were available to him but was denied relief. (Doc. 1 at 6-8.)  Review of the proceedings before the Ohio District Court shows that Petitioner did indeed present his claims in the Ohio District Court and in the Sixth Circuit Court of Appeals.  See Barrett v. United States, Case No. 2:11-cr-00173-ALM-EPD (D. Ohio) (ECF 96, 133, 136, 178, 182, 192, 206, 209).  None of the claims are premised on a legal basis that was unavailable at the time he filed his prior § 2255 motions.

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims.  Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be summarily dismissed for lack of jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within

1 thirty (30) days after being served with a copy of this Findings and Recommendation, Petitioner may
2 file written objections with the Court.  Such a document should be captioned "Objections to
3 Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate
4 Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file
5 objections within the specified time may waive the right to appeal the Order of the District Court.
6 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 18, 2022**              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE