UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. BARRETT,<br><br>            Petitioner,<br><br>   v.<br><br>B.M. TRATE,<br><br>            Respondent. | No. 1:22-cv-01000-ADA-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 5)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

      Petitioner Anthony C. Barrett is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On August 18, 2022, the Magistrate Judge issued findings and recommendations to dismiss the petition for lack of jurisdiction. (ECF No. 5.) Those findings and recommendations were served on all parties with notice that the parties must file any objections within thirty days after service. No objections have been filed, and the deadline to do so has expired.[1]

---

[1] On August 31, 2022, the United States Postmaster returned the findings and recommendations to the Court as

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court finds the Magistrate Judge's findings and recommendations to be supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). A certificate of appealability is required for a successive § 2255 motion that is disguised as a § 2241 petition. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008); *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.

---

undeliverable. The returned mail included the notation, "UNABLE TO FORWARD." Petitioner has not filed a notice of change of address. Pursuant to Local Rule 182(f), "[a]bsent such notice, service of documents at the prior address of the . . . pro se party shall be fully effective."

2

1  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that
2  "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have
3  been resolved in a different manner or that the issues presented were 'adequate to deserve
4  encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting
5  *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

6      In the present case, the Court finds that Petitioner has not made the required substantial
7  showing of the denial of a constitutional right to justify the issuance of a certificate of
8  appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not
9  entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to
10 proceed further.  Thus, the Court declines to issue a certificate of appealability.

11     Accordingly,

12 1.    The findings and recommendations issued on August 18, 2022, (ECF No. 5), are
13     adopted in full;
14 2.    The petition for writ of habeas corpus is dismissed with prejudice;
15 3.    The Clerk of Court is directed to enter judgment and close the case; and
16 4.    The Court declines to issue a certificate of appealability.

19 IT IS SO ORDERED.

20     Dated:   November 9, 2022

UNITED STATES DISTRICT JUDGE